UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

ERIC OWENS and                                          CASE NO. 09-62087
DEBBIE OWENS

DEBTORS

JAMES R. WESTENHOEFER                                    PLAINTIFF

v.                                                      ADV. NO. 10-6014

DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.            DEFENDANTS

### MEMORANDUM OPINION

This matter having come before the Court on Plaintiff's Motion for Summary Judgment as Against Defendant, American Home Mortgage Servicing, Inc. (DOC 15), and the matter having been heard on May 24, 2010, and the matter having been taken under submission, the Court hereby enters this Memorandum Opinion.

Facts

On December 10, 2003, Debtors borrowed $67,500.00 from Ameriquest Mortgage Company pledging their real estate and a 1998 Southern 28' x 52' double-wide mobile home. This transaction was to refinance the Debtors' mobile home and land.

Ameriquest Mortgage Company duly recorded its mortgage on the land, but failed to note its lien on the mobile home on a certificate of title.

The loan has now been assigned to Deutsche Bank National Trust Company. American Home Mortgage Servicing, Inc. is currently the servicer of the mortgage.

Conclusions of Law

The Trustee seeks to avoid the lien on the 1998 Southern 28' x 52' double-wide mobile home under the authority of 11 U.S.C. § 544(a) which gives the Trustee the status of a judicial lien creditor and allows the Trustee to avoid an unperfected lien. Here, the lien on the mobile home is unperfected because the sole means to perfect that lien is by a certificate of title as stated in KRS 186A.190.

Defendants American Home Mortgage Servicing, Inc. and Deutsche Bank National Trust Company object to the Trustee's Motion for Summary Judgment because there are factual issues as to where the mobile home is now and how the mobile home got there. However, that is immaterial to the motion because the Trustee is seeking solely to avoid the lien on the mobile home.

Also, these Defendants oppose the motion because they seek to establish an equitable lien on the mobile home. However, no equitable lien was established before the bankruptcy filing. Moreover, even assuming that an equitable lien arose in favor of the creditor on account of its improperly executed lien, any such lien is ineffective against the Trustee. *See* In re Anderson, 266 B.R. 128(Bankr. N.D. Ohio 2001).

For those reasons, Plaintiff's Motion for Summary Judgment as Against Defendant, American Home Mortgage Servicing, Inc. (DOC 15) is hereby SUSTAINED. A separate judgment shall be entered. The Court notes that the Trustee has not moved for judgment against Deutsche Bank National Trust Company.


COPIES TO:

James R. Westenhoefer, Esq.

```
Daniel W. Heath, Esq.
Debtors
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document
has been signed by the Judge and electronically entered by the Clerk in the
official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge**
**Dated: Wednesday, June 02, 2010**
**(jms)**